## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### No. 45024.

District Court, E. D. New York.

Dec. 20, 1943.

See, also, 53 F.Supp. 1010, 1013, 1015.

Halpin & Keogh, of New York City (Eugene J. Keogh and Edward S. St. John, both of New York City, of counsel), for trustees.

Archibald Palmer, of New York City, for Anna A. and Catherine Kuhlmann.

George Zolotar, of New York City, for Securities and Exchange Commission.

Lewis, Marks & Kanter, of Brooklyn, and Julius Silver, of New York City (Julius Silver, of New York City, Lloyd B. Kanter, of Brooklyn, and Jack L. Rappaport, of New York City, of counsel), for Bondholders' Protective Committee.

Herrick & Feinstein, of Brooklyn (Abraham Feinstein, of Brooklyn, of counsel), for Bondholders' Directors Committee.

Auchincloss, Alley & Duncan, of New York City (James B. Alley and Charles R. Lowther, both of New York City, of counsel), for debtor.

MOSCOWITZ, District Judge.

An application has been made herein for an order impounding the list of creditors.

The questions presented are whether the authority to impound such list granted to the reorganization court under Section 166 of the Bankruptcy Act, 11 U.S.C.A. § 566, shall be exercised in this case, and, if so exercised, in what manner communication between creditors shall be permitted.

There are approximately 2,300 creditors of the debtor, and thus far at least 3 committees have been organized purporting to represent creditors, or bondholders' directors. Prior to the institution of these reorganization proceedings creditors received communications from the debtor seeking their consent to the debtor's voluntary plan. In connection with such campaign, letters and advertisements were utilized by some creditors to communicate with the other creditors the grounds of opposition to the debtor's plan.

The court is quite in accord with the idea that creditors should be permitted to communicate with each other as it is desirable that the creditors receive as much light and correct information as is possible concerning the affairs of the debtor.

Under the statute, the disinterested trustees are called upon to make an investigation of the property, liabilities and financial condition of the debtor, the operation of its business and the desirability of the continuance of such business, and to submit a statement of such investigation to the creditors. Section 167(5), 11 U.S.C.A. § 567 (5). The facts apparently presently in dispute between some of the creditors and the debtor will be developed by such investigation, and the true facts established.

The large number of creditors here are entitled to protection against any solicitation which may be made for the purchase

---

[1] No opinion for publication.

of their securities at prices which may be less than their true worth. Such solicitation may well be by persons whose interest is adverse to that of the creditors, and subject such creditors not alone to inconvenience and annoyance, but to financial loss as well. If the lists are permitted to remain open, it will be impossible to restrict the use to which such lists may be put by anyone.

Under the circumstances it seems appropriate to impound the lists of creditors. However, applications will be entertained for orders authorizing specific communications, such applications to include a copy of the proposed letter and to provide that they shall be mailed by the trustees at the expense of the applicant.

Settle order on notice.

See, also, 53 F.Supp. 1010, 1012, 1015.