Application of REALTY ASSOCIATES SECURITIES CORPORATION.

Application of ESPADE REALTY CORPORATION.

Application of PRUDENCE REALIZATION CORPORATION.

No. 45024.

District Court, E. D. New York.

Nov. 9, 1944.

See also, D.C., 56 F.Supp. 1007.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Arthur O. Asher, of New York City, for Max L. Bliss et al.

George Zolotar, of New York City, for Securities and Exchange Commission.

Albert W. Fribourg, of New York City, for Solomon Zauderer et al.

Archibald Palmer, of New York City, for Anna A. Kuhlmann and Catherine Kuhlmann.

MOSCOWITZ, District Judge.

This is a motion made by Prudence Realization Corporation, a creditor, the holder and owner of participations in the sum of $197,413.97 in the first mortgage affecting premises 531 East Lincoln Avenue, Mt. Vernon, New York, owned by the debtor, "for an order impounding the list of creditors of the debtor herein, providing, however, that the trustees of the debtor shall be instructed to mail to security holders any communications given to them for that

purpose by any creditor or stockholder upon receiving payment from such creditor or stockholder of the cost of such mailing." The Espade Realty Corporation, debtor, is a wholly-owned subsidiary of the Realty Associates Securities Corporation, debtor.

This court granted a motion impounding the list of creditors of the Realty Associates Securities Corporation, and in an opinion (53 F.Supp. 1012) expressed the view:

"The court is quite in accord with the idea that creditors should be permitted to communicate with each other as it is desirable that the creditors receive as much light and correct information as is possible concerning the affairs of the debtor.

"Under the statute, the disinterested trustees are called upon to make an investigation of the property, liabilities and financial condition of the debtor, the operation of its business and the desirability of the continuance of such business, and to submit a statement of such investigation to the creditors. Section 167(5), 11 U.S.C.A. § 567(5). The facts apparently presently in dispute between some of the creditors and the debtor will be developed by such investigation, and the true facts established.

"The large number of creditors here are entitled to protection against any solicitation which may be made for the purchase of their securities at prices which may be less than their true worth. Such solicitation may well be by persons whose interest is adverse to that of the creditors, and subject such creditors not alone to inconvenience and annoyance, but to financial loss as well. If the lists are permitted to remain open, it will be impossible to restrict the use to which such lists may be put by anyone.

"Under the circumstances it seems appropriate to impound the lists of creditors. However, applications will be entertained for orders authorizing specific communications, such applications to include a copy of the proposed letter and to provide that they shall be mailed by the trustees at the expense of the applicant."

It was thought that the creditors, there being 2300 in number, were entitled to protection against any undue solicitation which might be made for the purchase of their securities at prices below their worth. The impounding order was not designed to harm but rather to benefit the creditors, they being permitted under its terms to freely communicate with each other.

After the opinion was filed and an order entered thereon, no application was made for permission to communicate with the other creditors. Had such application been made it would have been granted, as this court believed then and believes now that creditors should be permitted to communicate with each other. It did not believe and does not believe that advantage should be taken of creditors who may be ignorant of the true worth of their securities. Many times the public requires protection against itself. In the administration of debtors' estates, the court has found instances where great advantage has been taken by solicitors and buyers of securities of the creditors who own such securities and it seems to this court that it is highly desirable that a measure of protection be afforded them. At the same time, they should be permitted to communicate among themselves.

The determination made by this court in impounding the list of creditors was reversed by the Circuit Court of Appeals, Delatour v. Meredith, 2 Cir., 144 F.2d 594, and this court must accept with great respect and follow the decision of the Circuit Court.

The grounds urged in the petition of the Prudence Realization Corporation for the granting of this motion are as follows:

"4. That there are approximately 220 individual certificate holders holding participations in the mortgage on the premises owned by the Debtor; that since the institution of the instant proceeding, such certificate holders have been advised merely that a petition was filed and approved and have no information as to the present condition of the premises and that any information with respect to its operations will be forthcoming only upon the filing of the report by the trustees of the Debtor herein as required by Section 167 of the Bankruptcy Act.

"5. Upon information and belief, several offers have been received by the trustees of the Debtor herein for the purchase of the property. That at least one such offer has been submitted to your petitioner. That from the foregoing it is apparent that there is a substantial possibility that this property may be sold as a part of a plan of reorganization.

"6. That heretofore an order was entered herein extending the time of the trustees of the Debtor herein to file a list of creditors by not later than September 29th,

1944, and that unless either an extension of such time is granted by this court or an order impounding the list upon appropriate conditions is entered upon this application, such list will be made available to all persons and for all purposes.

"7. That in the opinion of your petitioner, provision should be made against the indiscriminate use of such list of creditors, so that creditors may not be subjected to solicitation by brokers or others interested in acquiring or adding to their interests in the mortgage affecting the debtor's premises at less than their true value.

"8. That there are no quotations for the mortgage certificates here involved appearing in any publication of general circulation; that the certificate holders have no way of determining the present or prospective value of their certificates; that communication with certificate holders of relevant facts from time to time will be inadequate protection since it is impossible to communicate day to day, or even month to month, developments to certificate holders; that based upon prior experience in Prudence certificate issues, your petitioner is of the opinion that anyone securing such information can and probably will utilize such information to further their own interests at the expense of the uninformed certificate holder.

"9. That as servicing and transfer agent of the certificate issue, your petitioner has had contact with many of the certificate holders; that from such contact it is your petitioner's opinion that with a few exceptions, such certificate holders have no great familiarity with business affairs, and are likely to be misled by persons who are interested in acquiring the certificates at less than their true value.

"10. That the purpose of the impounding order here requested is not to regulate communication between creditors for the purpose of organization or exchange of views, but to protect creditors; that free communication will be provided for by a direction to the trustees to mail to creditors all communications forwarded to them for transmission upon the payment by the creditor of the cost of such transmission.

"That such an order will fulfill 'the dual aims of keeping secret the lists and maintaining free facilities for communication between security holders.' (Delatour et al. v. Meredith et al., 2 Cir., 144 F.2d 594, 1944)."

It appears in the memorandum of Securities and Exchange Commission—and it does not seem to be denied—that "the certificates are quoted in the over-the-counter market and quotations appear in the publications of the National Quotation Bureau, Inc., which publishes daily quotation sheets, a monthly summary and a semi-annual summary." These quotations will afford those who are wide awake an opportunity to obtain information concerning the market-price but, unfortunately, there will probably be a number who will not avail themselves of this information.

Perhaps it can be said, applying the decision of the Circuit Court of Appeals in Delatour v. Meredith, supra, that there are no "unusual circumstances" requiring the impounding of the list of certificate holders here and that the circumstances are, to use the language of the Securities and Exchange Commission in its memorandum, "inherent in practically all Chapter X proceedings for the reorganization of corporations in which public investors have an interest." Although this court believes that the interest of the creditors would be best served by impounding the list and permitting free communication among the creditors, it must nevertheless deny the motion to impound. It has been suggested by the Securities and Exchange Commission in its memorandum that the creditors can be adequately protected in the following manner: "One such method is the issuance of an injunction against the sale or purchase of the list or the use thereof for the purpose of buying claims. It would then be possible to attach the injunctive order to the list and instruct the Clerk of the Court to refuse to make. the list available unless the security holder desiring to inspect the list indicates in writing his awareness of the terms of the order and his willingness to abide thereby." While, perhaps, the injunction mentioned might have some value, isn't it like locking the door after the horse has been stolen? However, it may be of some aid and the order may contain such a provision.

Settle order on notice.